# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-1834

_____

Eugene R. Robinson

*Petitioner*

v.

Janet Napolitano, Secretary,
Department of Homeland Security,
Transportation Security Administration

*Respondent*

_____

Petition for Review of Orders of the
DHS Homeland Security

_____

Submitted: May 15, 2012
Filed: August 7, 2012
[PUBLISHED]

_____

Before RILEY, Chief Judge, WOLLMAN and SMITH, Circuit Judges.

_____

RILEY, Chief Judge.

Pro se petitioner Eugene R. Robinson seeks review of three final orders issued by the Transportation Security Administration (TSA), designating certain information Sensitive Security Information (SSI). Under the terms of a protective order in Robinson's ongoing employment discrimination lawsuit against Secretary Janet

Napolitano, the Department of Homeland Security (DHS), and TSA (collectively, agency), TSA's final order prevents Robinson from disclosing the SSI to the jury without TSA's permission.  We deny Robinson's petition.

I.    **BACKGROUND**

   A.    **Sensitive Security Information**

Congress has directed the Under Secretary of Transportation for Security, referred to as the Administrator of TSA, see 49 C.F.R. 1520.3, to

> prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security under authority of the Aviation and Transportation Security Act (Public Law 107-71) or under chapter 449 of this title if the Under Secretary decides that disclosing the information would—
>
>> (A) be an unwarranted invasion of personal privacy;
>> (B) reveal a trade secret or privileged or confidential commercial or financial information; or
>> (C) be detrimental to the security of transportation.

49 U.S.C. § 114(r)(1) (previously codified at subsection (s)(1)), see Consolidated Appropriations Act, 2008, § 568, Pub. L. No. 110-161, 121 Stat. 1844 (2007).  Such information is designated SSI.  See 49 C.F.R. § 1520.5(a).  TSA has issued regulations governing "the maintenance, safeguarding, and disclosure of records and information that TSA has determined to be [SSI]."  49 C.F.R. § 1520.1(a).

   B.    **Robinson's Employment**

In November 2002, TSA hired Robinson as a Supervisory Transportation Security Screener in Sioux Falls, South Dakota.  In January 2003, the agency placed Robinson on paid administrative leave, and ultimately terminated Robinson's employment.

## C.     Underlying Litigation

In June 2008, Robinson, acting pro se, filed a complaint against the agency in the United States District Court for the District of South Dakota.  Robinson alleged wrongful termination and various forms of employment discrimination, harassment, and retaliation.

In March 2009, the district court, upon the joint motion of the parties, entered a protective order governing the use and disclosure of SSI during litigation.  The protective order instructed,

> [d]ocuments that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall <u>not</u> be published or made available to the general public in any form . . . , but instead shall be filed <u>under seal</u>.  Material filed under seal will be available only to . . . . [the parties], and counsel for the parties and paralegal, secretarial and clerical personnel in their employ.

The order allowed Robinson to "use SSI disclosed to [him] in this litigation," but directed "SSI may not be further disseminated, including to a jury, except with written permission from TSA."

In response to Robinson's pretrial submission of anticipated witnesses and exhibits, the agency moved in limine to exclude testimony and other evidence, including certain discussions and opinions involving SSI.  During a pretrial conference on October 18, 2010, eight days before the trial was scheduled to begin, the district court considered the motion and determined Robinson could present some of the SSI-related discussions and opinions to the jury.  The district court reasoned the evidence at issue was relevant and the agency's "interest in maintaining the [SSI] as confidential [could] be addressed by closing the Courtroom and instructing the jurors to keep the information confidential, if necessary."

On October 20, 2010, the agency asked the district court to clarify its ruling and enforce the protective order. The agency asked the district court to confirm that, under the protective order, Robinson "may not provide SSI to the jury" and "shall submit immediately a written request to TSA describing fully any SSI which he wishes to use at trial." The agency explained, "[u]pon receipt of such request, TSA will try to devise workable substitutions for any SSI," but if an agreement could not be reached, the agency requested the district court "confine testimony that includes SSI to that information that has been approved by TSA."

On October 25, 2010, the district court held a hearing to address use of SSI during the trial. During the hearing, it became evident that despite the protective order's clear language, those involved in the litigation had not previously realized the protective order required TSA approval before submitting SSI to the jury. The district court therefore ordered a continuance, and then instructed Robinson

> to identify in writing any SSI you think you are going to be offering and ask TSA to review that, if they are going to agree to the admission of any of it, their agreement has to be in writing. If not, they will work with you to try to figure out a method of presenting your evidence to the jury, so the jury can understand the issues that happened.

Robinson submitted to TSA an amended exhibit list along with copies of the exhibits and a list of "terms, acronyms, and TSA activities" Robinson anticipated presenting at trial. Robinson asked TSA "to determine the security status of each . . . proposed exhibit[]," and "[i]f any exhibit is determined to be subject to censorship for SSI, . . . propose a method for [Robinson] to present his evidence at trial to properly present his case while still insuring the SSI integrity of any said exhibit[]."

On December 6, 2010, TSA issued a final order (First Final Order). The First Final Order stated "[p]ursuant to 49 C.F.R. 1520, . . . each of the documents submitted by [Robinson] and reviewed by the SSI Program are SSI under 49 C.F.R.

§ 1520.5(b)(9)(i) and (iv), and . . . (10)." The agency immediately "move[d] in limine to prohibit the introduction at trial of questions, evidence or testimony containing [SSI] as determined by TSA's final order."

On December 21, 2010, Robinson responded to the agency's motion in limine. Robinson indicated his intention to appeal TSA's First Final Order, complaining (1) TSA's determination "truly scare[d]" Robinson because the First Final Order "clearly states that everything sent to the TSA by [Robinson] . . . is SSI"; (2) the documents accompanying the First Final Order did "not have any numbering system or other method of keeping track of which documents are what and no listing of what documents are part of the Final Order"; and (3) the First Final Order "is poorly written and organized" and Robinson did "not know what documents are SSI."

On December 22, 2010, TSA issued an amended final order (First Amended Final Order). The First Amended Final Order cited the same authority, listed the exhibits from both parties that TSA determined contained SSI, and attached redacted versions of those exhibits. The agency submitted notice of TSA's First Amended Final Order on December 29, 2010. The agency explained TSA had amended the First Final Order in response to Robinson's concerns and "ha[d] always been willing to work with Robinson on any SSI issue in this case." The agency advised Robinson and the district court "only six of Robinson's seventy-nine exhibits contain SSI," and the First Amended Final Order "specifically outline[d] which documents and what information in those documents contain SSI."

On January 14, 2011, the district court granted another continuance so Robinson could petition for review of the First Amended Final Order. On February 18, 2011, the agency submitted notice of TSA's second amended order on SSI (Second Amended Final Order). The Second Amended Final Order stated, "[u]pon further review, [TSA] has . . . determined that [Robinson's] Exhibit 67 contains seven

(7) additional words that constitute SSI" and needed to be redacted. TSA provided updated copies of the exhibits with the SSI redacted.

### D. Appeal

On April 18, 2011, Robinson petitioned this court to review TSA's three final orders pursuant to 49 U.S.C. § 46110(a). Oral argument was originally set for February 15, 2012, but upon Robinson's request, was rescheduled for May 15, 2012.

On February 15, 2012, TSA's attorney notified the court "of a change in [TSA] policy." TSA's attorney explained that "due to changes in security procedure, [TSA] will no longer designate as SSI a bag search protocol known as the '40-40-20 Rule.'" TSA's attorney attached the affected documents with references to the 40-40-20 Rule, which were no longer redacted.

During oral argument, TSA's attorney assured us the February 15 letter represented TSA's official position, superceding TSA's previous orders, and Robinson could use the updated exhibits during trial. Oral argument also addressed Robinson's ability to disclose test scores he obtained during his TSA training.

After oral argument, in a letter dated May 22, 2012, TSA's attorney notified the court TSA would not "object to [Robinson's] disclosure of his own test scores at trial." TSA's attorney attached exhibits TSA had reviewed showing Robinson's test scores—100%, 96%, and 96%—which were not designated SSI, and thus not redacted under the Second Amended Final Order. In the same letter, TSA's attorney requested "the Court file its decision in this case initially under seal" to allow TSA to "review the decision to ensure it does not contain SSI . . . and, if necessary, . . . provide a redacted version of the decision that can be filed on the public docket."[1]

---

[1]We granted TSA's request and this opinion has been crafted to remove disclosure of SSI.

## II.    DISCUSSION

Robinson argues TSA's First Final Order, First Amended Final Order, and Second Amended Final Order are invalid for a myriad of reasons. Our consideration of these arguments is limited, however, in several ways.

First, our review is limited to TSA's final orders. See 49 U.S.C. § 46110(a) (explaining "a person disclosing a substantial interest in an order . . . may apply for review of the order by filing a petition for review . . . in the court of appeals of the United States for the circuit in which the person resides"). Our jurisdiction does not extend to enforcement and application of the protective order, or the admission or exclusion of evidence during the prospective trial. These ongoing issues are not properly before us and remain within the discretion of the district court. See Fed. R. Civ. P. 26(c), 37(b); Fed. R. Evid. 104.

Second, although Robinson challenges three of TSA's "final" orders, the only order at issue is the Second Amended Final Order. We need not consider the validity of the two earlier orders, which the agency acknowledges are superseded by the Second Amended Final Order and are not binding during the trial.

Third, our "scope of review is quite narrow." Friends of Richards–Gebaur Airport v. FAA, 251 F.3d 1178, 1185 (8th Cir. 2001). Congress has granted us authority to "affirm, amend, modify, or set aside any part of" TSA's Second Amended Final Order. 49 U.S.C. § 46110(c). But "[t]he statute mandates that the agency's findings of fact are conclusive as long as they are supported by substantial evidence." Friends of Richards–Gebaur Airport, 251 F.3d at 1184. And "[w]e may overturn nonfactual aspects of [TSA's] decision only if they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Boca Airport, Inc. v. FAA, 389 F.3d 185, 189 (D.C. Cir. 2004) (quoting 5 U.S.C. § 706(2)(A)); accord Friends of Richards–Gebaur Airport, 251 F.3d at 1185; MacLean v. DHS, 543 F.3d 1145, 1149-50 (9th Cir. 2008).

Mindful of these limitations, we begin by addressing Robinson's claim that TSA's order is arbitrary and capricious. "Whether an agency's action is arbitrary and capricious depends on whether the agency offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Watkins v. Nat'l Transp. Safety Bd., 178 F.3d 959, 961 (8th Cir. 1999) (per curiam) (quoting Mausolf v. Babbitt, 125 F.3d 661, 669 (8th Cir. 1997)) (internal marks omitted). Here, the information TSA designated SSI and redacted in TSA's Second Amended Final Order fits comfortably within the regulatory definition of SSI.

Title 49 C.F.R. § 1520.5(b) designates as SSI certain categories of "information, and records containing such information," including "[s]ecurity screening information," 49 C.F.R. § 1520.5(b)(9), and "[s]ecurity training materials," 49 C.F.R. § 1520.5(b)(10).[2]

Security screening information is "information regarding security screening under aviation . . . security requirements of Federal law." 49 C.F.R. § 1520.5(b)(9). This relevantly includes "[a]ny procedures, including selection criteria and any comments, instructions, and implementing guidance pertaining thereto, for screening of persons, accessible property, checked baggage, . . . and cargo, that is conducted by the Federal government or any other authorized person." 49 C.F.R. § 1520.5(b)(9)(i). "Any security screener test and scores of such tests" also constitute security screening information. 49 C.F.R. § 1520.5(b)(9)(iv).

---

[2]Information meeting this criteria does not automatically constitute SSI. TSA must also determine the information was "obtained or developed in the conduct of security activities" and disclosure of the information would, for example, "[b]e detrimental to the security of transportation." 49 C.F.R. § 1520.5(a). Information previously designated SSI may lose its status when TSA determines disclosure would no longer be detrimental to security. See 49 C.F.R. § 1520.5(c).

Security training materials are "[r]ecords created or obtained for the purpose of training persons employed by, contracted with, or acting for the Federal government or another person to carry out aviation . . . transportation security measures required or recommended by DHS or DOT." 49 C.F.R. § 1520.5(b)(10).

All of the redacted information closely relates to either TSA's screening procedures, the scores of TSA's security screener tests, or security training materials. We therefore do not find fault with TSA's SSI assessments as reflected in the Second Amended Final Order.

We disagree with Robinson's characterization of TSA's Second Amended Final Order as "contradictory and ambiguous." TSA's SSI determinations and redactions are materially consistent, and TSA adequately explained the reasons for its determinations by referring to the applicable regulatory subsections. Furthermore, the redactions at issue are minimally prejudicial to Robinson's ability to present his evidence to the jury.

TSA's Second Amended Final Order, as clarified by TSA's May 22, 2012 letter to this court, is not arbitrary or capricious. We have considered Robinson's numerous arguments contending TSA's actions are otherwise contrary to law, and find the arguments without merit. See 8th Cir. Rule 47B.

In reaching these conclusions, we are sympathetic to Robinson's concerns. There certainly exists the *possibility* of fundamental unfairness—not to mention bureaucratic mischief—in situations such as this, where one litigant possesses a significant measure of control over the admissibility of the other litigant's evidence.[3]

---

[3]This possibility also exists as the result of the terms of the protective order Robinson jointly proposed, and which is not within the scope of our review at this time.

At this stage, we have not detected an attempt by the agency to gain a tactical advantage by arbitrarily exercising its authority to redact evidence. Nor do we anticipate this possibility coming to fruition. The agency has represented to this court, as it must, that it will continue to work in good faith with Robinson and develop acceptable SSI substitutes to ensure Robinson can fully and fairly present his case. See 49 U.S.C. § 114(r)(4)(A) and (D) ("Nothing in this subsection, or any other provision of law, shall be construed to authorize the designation of information as [SSI] . . . . (A) to conceal a violation of law, inefficiency, or administrative error; . . . or (D) to prevent or delay the release of information that does not require protection in the interest of transportation security.").

We also have the utmost confidence the district court—which "possesses inherent powers 'to manage its affairs so as to achieve the orderly and expeditious disposition of cases,'" Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc., 682 F.3d 1091, 1095 (8th Cir. 2012) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)) (internal marks omitted)—will ensure a fair trial for both parties and prevent the disclosure of SSI. See generally United States v. Reynolds, 345 U.S. 1, 9-10 (1953) (recognizing that while the executive branch's invocation of the state secrets privilege may prevent disclosure in certain circumstances, "[j]udicial control over the evidence in a case cannot be abdicated to the caprice of executive officers").

## III.    CONCLUSION

We deny Robinson's petition and affirm the Second Amended Final Order, as clarified by TSA's May 22, 2012 letter to this court.

_____